UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD BISSAU MENDY, *et al.*,     :
                Plaintiffs     :
                       :
     v.     :     Civil Action No. 1:22-cv-00535-KM
                       :     (Honorable Karoline Mehalchick)
BOXREC, *et al.*,     :
               Defendants     :

**REPLY BRIEF IN RESPONSE TO PLAINTIFFS HABAZIN AND
MUNIZ'S OPPOSITION TO THE MOTION TO DISMISS
COMPLAINT OF DEFENDANTS BOXREC LIMITED,
<u>JOHN SHEPPARD AND MARINA SHEPPARD</u>**

## I.     INTRODUCTION

In their brief (Doc. 43), Plaintiffs Habazin and Muniz offer no opposition to

the BoxRec Defendants' motion to dismiss on the basis of lack of personal

jurisdiction.  As to the 12(b)(6) bases of dismissal before the Court, Habazin and

Muniz purport to "incorporate by reference" the arguments advanced by another

Plaintiff, disbarred attorney Edward Mendy, in his previously-filed brief, which is

prohibited by Local Rule 7.8(a).  Most of the rest of the opposition are conclusory

arguments which make clear the Court should dismiss the Complaint.

## II.     ARGUMENT

To begin with, Plaintiffs Habazin and Muniz did not file their opposition

brief by the filing deadline and have not provided good cause to the Court for the

late filing.[1]  Based on the syntax and overall language used in this brief, it appears that Plaintiff Mendy wrote and/or edited this brief which he prohibited from doing as a disbarred attorney.  But even if the Court accepts this brief, dismissal is required.

### III.   ARGUMENT

### A.  No Personal Jurisdiction Over the BoxRec Defendants

Habazin and Muniz have the burden of proving personal jurisdiction over each of the BoxRec Defendants, which requires each of them to establish "with reasonable particularity sufficient contacts between defendant *and the forum state*." *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (emphasis added).   Habazin and Muniz have produced no competent evidence to establish personal jurisdiction over the BoxRec Defendants, either general or specific.  In fact, they fail to even address the issue or offer competent evidence to refute the statements made in the Declarations of John and Marina

---

[1] Habazin and Muniz were required to file an opposition brief to the BoxRec Defendants' Motion to Dismiss by September 30, 2022.  They did not.  After the deadline expired, on October 3, 2022, Plaintiffs purported to file a Motion for Extension of Time to file their opposition briefs.  (Doc. 36)  As relevant here, Muniz requested a one week extension to file his brief or through October 10, 2022.  (Doc. 36, ¶2)  Muniz did not file his brief on or before October 10, but filed it 14 days later on October 24, 2022, citing no good cause.  (Doc. 36).  Habazin, while requesting a thirty day extension to file her opposition brief purportedly to secure counsel, also cited no good cause and continues before the Court *pro se*. Denes has not filed any opposition to the motion to dismiss.

Sheppard.   (Docs. 28-1 and 28.2)   Consequently, the Court should dismiss the Complaint against the BoxRec Defendants for lack of personal jurisdiction.

### B. Habazin and Muniz Lack Standing and the Boxing Acts Do Not Apply

In the event the Court concludes it has personal jurisdiction over the BoxRec Defendants, Muniz concedes that he is not making any claim under the Boxing Acts.  As to Habazin, while she claims she has standing to bring a claim under the Boxing Acts, she fails to address the BoxRec Defendants' contention that she is not a "boxer" entitled to bring a private cause of action for a violation under the Boxing Acts.

Congress provided a private right of action only to "boxers" under the U.S. Boxing Acts. 15 U.S.C.S. §6309(d). Congress defined a "boxer" as "an individual who fights in a professional boxing match." *Id*., §6301(1). A "professional boxing match" is "a boxing contest *held in the United States* between individuals for financial compensation. Such term does not include a boxing contest that is regulated by an amateur sports organization. *Id*., §6301(8) (emphasis added).

Because Habazin challenges a bout she fought in Dubai and not in the United States, she did not fight in a "professional boxing match" under the Boxing Acts and has no private right of action. *Id*., §6301(8).  Nor does the fact that Habazin has a "federal indemnification [sic] card", even if true, change the fact that the only fight she is alleging occurred outside of the United States and it is not

covered by the Boxing Acts.  (Doc. 43, p. 2).  Her argument that the ABC boxing criteria for selection of a boxing registrar somehow supersedes the definitions under the Boxing Acts is meritless.  She provides no case law or authority.  The clear and plain language of the Boxing Acts must control and as a result, she has no standing to sue the BoxRec Defendants under the Boxing Acts.

Even if the Court concludes otherwise, dismissal is required.  Habazin cites no provision of Boxing Acts which the BoxRec Defendants allegedly violated.  That is because nothing in the Boxing Acts requires the BoxRec Defendants to record the results of fights on foreign soil.  The Court should dismiss the Boxing Act claims by Habazin because Habazin pleads no violation of any section of the Boxing Acts by the BoxRec Defendants.

### C.  Habazin and Muniz's Sherman Act and RICO Claims Must Be Dismissed

Habazin and Muniz's opposition to the dismissal of their Sherman Act and RICO claims is comprised of two sentences for each claim.  In the first sentence, Habazin and Muniz purport to incorporate "the Mendy arguments on the Antitrust claims [and the RICO claims]" in his brief.  (Doc. 43, p.4, 5) Local Rule 7.8(a) prohibits parties from incorporating by reference "all or any portion of any other brief."  Therefore, the Court should disregard this attempt.

In the second sentence, Habazin and Muniz argue in wholly conclusory fashion that they "qualify as consumers under the Sharman [sic] Antitrust Acts

[and have standing under RICO]," and "both are harmed by the action of the BoxRec Defendants." (Doc. 43, p. 4, 5). No other argument in opposition is advanced to either claim.

At the motion to dismiss stage, Plaintiffs are required to allege more than labels, conclusions and formulaic elements of a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Simply saying you were harmed and are allowed to bring legal claims is conclusory and insufficient to survive a motion to dismiss. Habazin and Muniz's Sherman Act and RICO claims are not plausible on their face, as argued in the BoxRec Defendants' Brief in Support of their Motion to Dismiss. Habazin and Muniz have offered nothing in opposition to the dismissal of their Sherman Act and RICO claims which the Court should dismiss.

### D. Habazin and Muniz's Remaining State Law Claims Must Be Dismissed

Finally, Habazin and Muniz offer no opposition to the dismissal of their state law claims. In fact, they acknowledge that they are not bringing any discrimination claims. (Doc. 43, p. 5) The Court should dismiss all state law claims pled by Habazin and Muniz as set forth in the BoxRec Defendants' brief.

## IV. <u>CONCLUSION</u>

For the reasons set forth in the BoxRec Defendants' Principal Brief and herein, the Court should dismiss Plaintiffs' Complaint as to the BoxRec Defendants.

APPEL, YOST & ZEE LLP

Date: 11/07/22          By: /s/Stephen Moniak
                            Stephen Moniak, Esquire
                            PA Attorney I.D. No. 80035
                            33 North Duke Street
                            Lancaster, PA 17602
                            Telephone: 717-394-0521
                            Email: smoniak@ayzlaw.com
                            *Attorneys for Defendants, BoxRec*
                            *Limited, John Sheppard & Marina*
                            *Sheppard*

# **WORD COUNT CERTIFICATION**

I hereby certify that the word count for the body of this Brief, including headings, is 1437 words, which is in compliance with the requirements of Local Rule 7.8(b)(2).

APPEL, YOST & ZEE LLP


Date:  11/07/22          By:    /s/Stephen Moniak
                              Stephen Moniak, Esquire
                              PA Attorney I.D. No. 80035
                              *Attorneys for Defendants, BoxRec*
                              *Limited, John Sheppard & Marina*
                              *Sheppard*

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true and correct copy of the foregoing Reply Brief in Support of Motion to Dismiss was served upon the person(s) and in the manner indicated below:

Service via this Court's electronic filing, addressed as follows:

> Edward Bissau Mendy, *Pro Se* (ebmendy@me.com)
> 4120 Erato Street, Apt. 1
> New Orleans, LA 70125
>
> Patrick C. English, Esq.
> Dines and English, LLC
> 685 Van Houten Avenue
> Clifton, NJ 07013
> dinesandensligh@aol.com
>
> Robert N. Gawlas, Jr., Esq.
> Robert L. Gawlas, Esq.
> Rosenn, Jenkins & Greenwald, LLP
> Cross Creek Pointe
> 1065 Highway 315, Suite 200
> Wilkes-Barre, PA 18702
> rgawlas@rjglaw.com
> rlgawlas@rjglaw.com

Service via First Class Mail, addressed as follows:

Brendon Denes, *Pro Se*
Ivana Habazin, *Pro Se*
Charles Muniz, *Pro Se*
4120 Erato Street, Apt. 1
New Orleans, LA 70125


APPEL, YOST & ZEE LLP


Date: 11/07/22                              By: /s/Stephen Moniak
                                            Stephen Moniak, Esquire
                                            Attorney I.D. No. 80035
                                            *Attorneys for Defendants, BoxRec Limited,*
                                            *John Sheppard & Marina Sheppard*