IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD MENDY, et al.,** | : | Civil No. 1:22-CV-535 |
| | : | |
| Plaintiffs | : | (Judge Mehalchick) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **BOXREC, et al.,** | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

I. **Factual Background**

This is a *pro se* lawsuit brought by various fight promoters against an international array of more than 700 individuals and entities that are allegedly involved in the organization, and promotion, of boxing and MMA contests around the globe. In their initial 102-page complaint, the plaintiffs alleged, *inter alia*, that this sweeping cast of defendants were violating federal boxing, antitrust, and racketeering statutes. (Doc. 1).

At the time that the plaintiffs filed this complaint they were put on notice of their obligation to respond to defense motions. Specifically, the Standing Practice Order filed in this case admonished the plaintiffs that:

> If the party opposing the motion does not file his or her brief and any evidentiary material within the 14-day time frame, Local Rule 7.6 provides that he or she shall be deemed not to oppose the moving party's motion. The motion may therefore be granted if: (1) the court finds it

> meritorious; or (2) the opposing party fails to comply with Local Rule 7.6 despite being ordered to do so by the court.

(Doc. 4, at 2).

While there is no indication that the plaintiffs have made service upon many of these international defendants, defendants associated with two entities, BoxRec and the Association of Boxing Commissions (ABC), entered appearances in this litigation and moved to dismiss the complaint, citing the plaintiffs' failure to state claims upon which relief may be granted and the court's lack of personal jurisdiction over many of these party-defendants.

On August 23, 2023, it was recommended that these motions to dismiss be granted. (Doc. 51). That recommendation was adopted by the district court on September 11, 2023, but the plaintiffs were given leave to amend their complaint. (Doc. 52). This leave to amend was limited, however. The district court specifically stated that: "plaintiffs' claims against the BoxRec defendants are DISMISSED without leave to amend for lack of personal jurisdiction." (Id.)

Notwithstanding this clear guidance, on October 2, 2023, the plaintiffs filed a 115-page amended complaint which named the BoxRec defendants along with hundreds of additional putative defendants, re-stating claims which had been found legally deficient. (Doc. 56). This filing, in turn, inspired renewed motions to dismiss

and strike the amended complaint, which were filed by the BoxRec and ABC defendants on October 9 and 16, 2023. (Docs. 58, 59).

The plaintiffs never responded to these motions, despite having been informed of their obligation to respond in our Standing Practice Order filed at the inception of this lawsuit. On February 4, 2024, this case was referred to the undersigned and on February 7, 2024, we entered an order which stated in clear and precise terms as follows:

> There are motions to strike or dismiss pending in this case. (Docs. 58, 59). The *pro se* plaintiffs have not responded to these motions and the time for responding has now passed. Accordingly, IT IS ORDERED as follows: the plaintiffs are directed to respond to the motion on or before **February 21, 2024**. Pursuant to Local Rule 7.7 the movants may then file a reply brief on or before **March 6, 2024**. All briefs must conform to the requirements prescribed by Local Rule 7.8. No further extensions shall be granted, absent compelling circumstances.
>
> The plaintiffs, who are proceeding *pro se*, are advised that Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiffs to respond to motions, and provides that:
>
>> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant

>   documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'" Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug. 26, 2010) (quoting Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)). Therefore, a failure to comply with this direction may result in the motions being deemed unopposed and granted.

(Doc. 62).

Despite this explicit warning, the plaintiffs failed to respond to these dispositive motions and the time for response has long since passed. Accordingly, in the absence of any action by the plaintiffs to comply with the court's order and prosecute this case, we will deem these motions ripe for resolution. On these facts, given the plaintiffs' failure to litigate the case which they have filed, for the reasons set forth below, it is recommended that this case be dismissed.

## II. Discussion

### A. Under The Rules of This Court These Defense Motions Should Be Deemed Unopposed and Granted.

At the outset, under the Local Rules of this Court the plaintiffs should be deemed to concur in these motions, since the plaintiffs have failed to timely oppose the motions or otherwise litigate this case. This procedural default completely

frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the rules of this Court warrants dismissal of the action, since Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'" Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, at *1 (M.D. Pa. Aug. 26, 2010) (quoting Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)). In this case, the plaintiffs have not complied with the local rules, or this Court's order, by filing a timely response to these motions. Therefore, these procedural defaults by the plaintiffs compel the court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion ...."

Lease v. Fishel, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010) (quoting McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir.1998)).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by the rules when such rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.'" Id. Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

These basic tenets of fairness apply here. In this case, the plaintiffs have failed to comply with Local Rule 7.6 by filing a timely response to these motions. This failure now compels us to apply the sanction called for under Rule 7.6 and deem the motions to be unopposed.

### B. Dismissal of this Case Is Warranted Under Rule 41.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion, "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (quoting Briscoe v. Klaus, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the Poulis

factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." Briscoe, 538 F.3d at 263 (quoting Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)). Consistent with this view, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Id. (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Mindek, 964 F.2d at 1373). Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the Court of Appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson, 296 F.3d 184; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the failure to respond to this motion is entirely attributable to the plaintiffs, who have failed to abide by court orders or submit briefs in opposition to these defense motions.

Similarly, the second Poulis factor— the prejudice to the adversary caused by the failure to abide by court orders—also calls for dismissal of this action. Indeed,

this factor—the prejudice suffered by the party seeking sanctions—is entitled to great weight and careful consideration. As the Third Circuit has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222.

Briscoe, 538 F.3d at 259-60.

In this case, the plaintiffs' failure to litigate this claim, or to comply with court orders, now wholly frustrates and delays the resolution of this action. In such instances, the defendants are plainly prejudiced by the plaintiffs' continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. Tillio, 256 F. App'x 509 (failure to timely serve pleadings compels dismissal); Reshard, 256 F. App'x 506 (failure to comply with discovery compels dismissal); Azubuko, 243 F. App'x 728 (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor—the history of dilatoriness on the plaintiff's part—it becomes clear that dismissal of this action is now appropriate. In this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders.'" Briscoe, 538 F.3d at 260-61 (quoting Adams, 29 F.3d at 874) (some citations omitted). Here, the plaintiffs have failed to comply with court orders or file briefs in opposition to these defense motions as directed. Thus, the plaintiffs' conduct displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874.

The fourth Poulis factor—whether the conduct of the party or the attorney was willful or in bad faith—also cuts against the plaintiffs in this case. In this setting, we must assess whether this conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. Adams, 29 F.3d at 875. At this juncture, when the plaintiffs have failed to comply with instructions of the Court, we are compelled to conclude that the plaintiffs' actions are not isolated, accidental, or inadvertent but instead reflect an ongoing disregard for this case and the Court's instructions.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such

as this case, where we are confronted by *pro se* litigants who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. See, e.g., Briscoe, 538 F.3d at 262-63; Emerson, 296 F.3d at 191. This case presents such a situation where the plaintiffs' status as *pro se* litigants severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our prior orders and counseling the plaintiffs on their obligations in this case, we have endeavored to use lesser sanctions, but to no avail. The plaintiffs still ignore their responsibilities as litigants. Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under Poulis, we are cautioned to consider one other factor, the meritoriousness of the plaintiffs' claims. In our view, however, consideration of this factor cannot save the plaintiffs' claims since the plaintiffs are now wholly non-compliant with the court's instructions. The plaintiffs cannot refuse to comply with court orders which are necessary to allow resolution of the merits of these claims, and then assert the untested merits of these claims as grounds for declining to dismiss the case. Furthermore, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Briscoe, 538 F.3d at 263 (quoting Ware, 322 F.3d at 222; Mindek, 964

F.2d at 1373). Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent dismissal of a case for failure to prosecute.

In any event, we note that this court has previously found that many of these claims fail on their merits, and personal jurisdiction is lacking over the hundreds of international defendants named in this pleading, yet another factor which favors dismissal of this complaint. Therefore, all of the Poulis factors currently appear to favor dismissal of this amended complaint since the plaintiffs have declined to litigate this case, or comply with court orders, and many of these claims fail as a matter of law.

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that this case be DISMISSED for failure to prosecute and that the defendants' motion to dismiss and to strike, (Docs. 58, 59), should be GRANTED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified   proposed

findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23rd day of February 2024.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
